UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Paul E. Nunu, <br> Plaintiff | § § § | |
| v. | § § | Civil Action 4:21-CV-00128 |
| The State of Texas et al. <br> Defendants | § § § § | |

### Nancy Nunu Risk's and Charles Nunu's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Defendants Nancy Nunu Risk and Charles L. Nunu hereby move to dismiss all claims that their brother, Paul Nunu, has asserted against them in this federal action (Dkt. 1) and show the Court as follows:

### Summary of the Motion and Relief Sought

1. Nancy and Charles ask the Court to dismiss Paul's lawsuit with prejudice.

2. Paul's claims are barred by res judicata. This is Paul's seventh attempt to vacate the Harris County Probate Court's Vexatious Litigant Order. Every court Paul has complained to—from the Probate Court in Harris County, to the Texas Fourteenth Court of Appeals, to the Supreme Court of Texas, and even to the Supreme Court of the United States—has determined that the Vexatious Litigant Order is valid and that the Texas Vexatious Litigant Statute is not unconstitutional (or has refused to consider Paul's constitutional challenges).

3. On January 30, 2018, the Harris County Probate Court No. 1 declared Paul Nunu a vexatious litigant. Since that date, Paul has launched mission after mission to complain about the Vexatious Litigant Order, costing Nancy and Paul tens of thousands of dollars to defend.

4. After the Probate Court declared Paul a vexatious litigant, he appealed that ruling to the Texas Fourteenth Court of Appeals (No. 14-18-00109-CV).[1] The Fourteenth Court affirmed the Probate Court's ruling and denied Paul's request for rehearing. Paul appealed the Fourteenth Court's decision to the Supreme Court of Texas. The Supreme Court of Texas denied Paul's petition for review and denied Paul's request for rehearing. Paul then appealed to the Supreme Court of the United States. The Supreme Court of the United States denied certiorari and denied Paul's request for rehearing.[2]

5. Paul also asserted constitutional challenges when he moved to dismiss Nancy and Charles' motions to enforce the Vexatious Litigant Order under the Texas Citizens Participation Act. The Probate Court denied his motion to dismiss. The Fourteenth Court affirmed the Probate Court's ruling and denied Paul's request for en banc rehearing (No. 14-19-00564-CV).[3] Paul appealed the Fourteenth Court's decision to the Supreme Court of Texas (No. 21-0101).[4]

6. Paul concedes throughout his Complaint that every court has denied his constitutional challenges. In fact, the reason he brings this suit before this Court is because every court has denied to give him relief. He hopes this Court will give him a different result. This is exactly the type of situation that res judicata is intended to preclude. Paul cannot keep "shopping around" for a court that will give him the relief he wants.

---

[1] *See* Appendix 1. Nancy and Charles ask the Court to take judicial notice of activity in Paul's previous state court actions and attaches case details from the courts' websites.
[2] *See* Appendix 2.
[3] *See* Appendix 3.
[4] Paul filed his petition for review on February 12, 2021. Nancy and Charles filed a waiver of response on February 15, 2021. The case was submitted to the Texas Supreme Court on February 23, 2021. *See* Appendix 4. Based on counsel's experience, the Texas Supreme Court either denies the petition or asks for a response about 30 days after the case is submitted to the Texas Supreme Court. The undersigned will inform the Court of the Texas Supreme Court's decision if Paul's claims against Nancy and Charles are pending in this Court at that time.

7. Additionally, Paul fails to allege facts to state a claim to relief that is plausible on its face. Not a single court has found that the Texas Vexatious Litigant Statute (or any federal statute similar to a vexatious litigant statute) is unconstitutional. Paul has had ample opportunity to make his case to the various state courts and the U.S. Supreme Court.

## Argument and Authorities

8. Under Rule 12(b)(6), a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" should be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[r]egardless of how well-pleaded the factual allegations may be, they must demonstrate that that party is entitled to relief under a valid legal theory. *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-2840, 2019 WL 1674348 at *3 (S.D. Tex. Apr. 17, 2019).

**I.  Res judicata bars Paul's claims.**

9. "Although res judicata is an affirmative defense generally not suited to resolution on the pleadings, dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the pleadings and judicially noticed facts." *Kahn v. Ripley*, 772 Fed. Appx. 141, 142 (5th Cir. 2019), cert. denied, 140 S. Ct. 835, 205 L. Ed. 2d 483 (2020); cited by *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 591 (5th Cir. 2020).

10. The district court is allowed to take judicial notice of the public records in prior state court proceedings. *Id.* (citations omitted).

11. If it is apparent from the state court records that earlier rulings preclude a plaintiff's current claims in his federal lawsuit, the federal court should dismiss the federal lawsuit. *Id.* (citation omitted).

12. Under Texas law, which applies when federal courts determine the preclusive effect of Texas judgments, res judicata "bars assertion of a claim in a subsequent case when: (1) there is a

prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action." *Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 591 (5th Cir. 2020) (citation omitted).

13. All three elements are satisfied here. The Probate Court, the Texas Fourteenth Court of Appeals, the Texas Supreme Court, and the U.S. Supreme Court are all courts of competent jurisdiction. The parties here—Paul, Nancy, and Charles—are all the same parties in Paul's previous actions. Paul makes the same complaints here as he did in his previous actions.

14. It is apparent from Paul's Complaint and judicially noticed facts that res judicata bars his current claims. In his Complaint Paul concedes he has previously asserted the same claims he asserts in this instant case. In fact, the gist of Paul's Complaint is that he is now asking this Court to give him relief because no other court will.

15. Paul concedes in his Complaint that the Probate Court in Harris County declared him a vexatious litigant. *See* Exhibit 2 of the Complaint, Dkt. 1-1 at 19-20.

16. Paul concedes in his Complaint that the Fourteenth Court affirmed the Vexatious Litigant Order. *See* Exhibit 3 to the Complaint, Dkt. 1-1 at 22-28. The Fourteenth Court stated:

> Finding no error in the portion of the judgment finding Paul E. Nunu to be a vexatious litigant and requiring him to obtain permission of the appropriate local administrative judge before instituting new litigation against Nancy Nunu Risk or Charles Nunu, we affirm that portion of the trial court's judgment.

*See* Exhibit 3 to the Complaint, Dkt. 1-1 at 28.

002551 0205017

17. Paul concedes in his Complaint that the Texas Supreme Court denied his request to review the Vexatious Litigant Order. *See* Complaint at ¶ 16; ¶ 90.[5]

18. Paul concedes in his Complaint that the Supreme Court of the United States denied *certiorari*. *See* Complaint at ¶ 16.

19. Unsatisfied with the Texas Fourteenth's decision to affirm the Vexatious Litigant Order, Paul, undeterred, filed a motion to dismiss Nancy and Charles' motions to enforce the Vexatious Litigant Order, in which he argued that the Vexatious Litigant Order is unconstitutional. *See* Exhibit 15 of the Complaint, Dkt. 1-1 at 72.

20. As shown in the following paragraphs from his Complaint, Paul concedes that the Probate Court and the Fourteenth Court have already considered his constitutional complaints about the Vexatious Litigant Order and the Texas Vexatious Litigant Statute and that both courts have determined that neither violates Paul's constitutional rights:

> 86. This complaint invokes Supremacy and due process violations because the 14th Appellate Court in affirming the Probate Courts, taking their cue from the Texas Supreme Court, have refused to consider a properly presented First Amendment challenge to the constitutionality of a Texas statute, despite expressly finding jurisdiction.
>
> 88. As demonstrated in the Appendix attached hereto and incorporated herein, the 14th Appellate Court has **consciously ignored** Plaintiffs' pleas for constitutional protections in no less than three (3) separate appeals.
>
> 89. First, in the appeal of the Vexatious Litigant Order Plaintiff, appearing *pro se*, timely asserted Texas Constitutional protections to the Probate Court and the Appellate Court which were completely ignored by the 14th Appellate Court.
>
> 90. Through counsel and Petition for Review, Plaintiff filed his first First Amendment challenge in the Texas Supreme Court, which denied review.

---

[5] Paul asks the Court to take judicial notice of Texas Supreme Court No. 19-0284, the case where the Supreme Court of Texas denied his request to review the Vexatious Litigant Order. *See* Complaint at footnote 63.

> 93. After dismissal, Plaintiff sought rehearing based upon a First Amendment challenge which was denied by the 14th Appellate Court En Banc, as was the second First Amendment challenge Plaintiff then made to the Texas Supreme Court.
>
> 94. Third, in the TCPA appeal the 14th Appellate Court undeniably states that Plaintiff raised a First Amendment challenge but wholly refused to consider any aspect of it.
>
> 96. Plaintiff has asserted constitutional protections against the Vexatious Litigant Statutes at each and every level of this continuing saga, only to be ignored again and again, and now a third time by the Texas 14th Appellate Court.

21. As his Complaint shows, the Probate Court denied his motion to dismiss in which he raised constitutional challenges under the Texas Citizens Participation Act. *See* Exhibit 16 of Complaint, Dkt. 1-1 at 74. Paul appealed this decision. As Paul concedes in his Appendix (*see* Complaint at 4), the Fourteenth Court "refused constitutional challenge to Vexatious Litigant Statutes."

22. Because Paul's own allegations make clear that he is simply reurging arguments and constitutional challenges he has already lost many times before, the Court should dismiss his claims with prejudice.

## II. Neither the Vexatious Litigant Order nor the Texas Vexatious Litigant Statute are unconstitutional.

### A. Federal courts have determined that sanctioning vexatious litigants does not violate constitutional rights.

23. Paul's complaint does not allege facts to state a claim to relief that is plausible on its face.

24. Federal law allows courts to sanction vexatious litigants and impose pre-filing requirements. A court enforcing a sanctions order (that required a litigant who filed several unsuccessful motions to seek leave of court prior to filing any further motions) by striking his

002551 0205017

motions does not deny him access to the courts. *United States v. Blount*, 523 Fed. Appx. 298, 300 (5th Cir. 2013). The Fifth Circuit further concluded that the court could even strike the motions without giving the litigant an opportunity to be heard. *Id.* "While the imposition of a sanction without a prior warning should generally be avoided, this rule is not always applicable to [a litigant] who has filed many frivolous pleadings." *Id.*

25. The Eleventh Circuit has held:

> The right of access to the courts "is neither absolute nor unconditional." Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants... the sheer volume of frivolous... suits threatens to undermine the availability of the federal courts to the public. To counter such threat and to protect its jurisdiction, the district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants.

*Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (internal citations omitted) (concluding that requiring indigent pro se plaintiffs to pay filing fees is one way the courts can control its docket from vexatious litigants).

26. The Eleventh Circuit further acknowledged that:

> A district court has the inherent authority to manage its own docket, so as to achieve the orderly and expeditious disposition of cases." This includes the power to place restrictions on a litigant's filings when necessary, as long as the restriction does not completely foreclose the litigant's access to the courts.

*Baldwin v. Boise Paper Holdings, L.L.C.*, 631 Fed. Appx. 831, 836 (11th Cir. 2015) (internal citations omitted).

27. The Sixth Circuit has held that a district court's order requiring a litigant to obtain permission before filing any further motions does not violate his rights to due process and equal

7

protection, where he was inundating the district court with repetitive motions. *Futernick v. Sumpter Township*, 207 F.3d 305 (6th Cir. 2000).

**B.   Texas courts have determined that the Texas Vexatious Litigant Statute is constitutional.**

28.   No court in Texas has found Paul's constitutional arguments persuasive.

29.   An order requiring a vexatious litigant to seek and obtain permission from an administrative law judge before filing civil pleadings does not violate a litigant's due process rights or deny him equal protection. *In re Potts*, 399 S.W.3d 685, 688-689 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

30.   Restrictions in the Vexatious Litigant Statute are not unreasonable or arbitrary when balanced against the purpose and basis of the statute, and that the Statute does not authorize courts to act arbitrarily, but permitted them to restrict a plaintiff's access to the courts only after first making specific findings that the plaintiff was a vexatious litigant based on factors that are closely tied to the likelihood that the litigation is frivolous. *In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

31.   The purpose of the Statute is to make it possible for courts to control their dockets rather than permitting courts to be burdened with repeated filings of frivolous and malicious litigation by litigants without hope of success while, at the same time, providing protections for litigants' constitutional rights to open courts when they have genuine claims that can survive the scrutiny of the administrative judge and the posting of security to protect defendants. *Id.* at 768.

32.   Holding that the Vexatious Litigant Statute does not violate a vexatious litigant's due process rights, the Fourteenth Court recognized that it and three sister courts of appeals have reached the same conclusion. *In re Potts*, 399 S.W.3d 685, 688 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Potts*, 357 S.W.3d at 769; *Johnson v. Sloan,* 320 S.W.3d 388, 389–90 (Tex.

App.—El Paso 2010, pet. denied); *Clifton v. Walters*, 308 S.W.3d 94, 101–02 (Tex. App.—Fort Worth 2010, pet. denied); *In re Johnson*, No. 07–07–0245–CV, 2008 WL 2681314, at *2 (Tex. App.—Amarillo Jul. 9, 2008, orig. proceeding) (mem. op.)).

33. In *Guardianship of L.S.*—a case where Paul's attorney represented the vexatious litigant—the Fourteenth Court determined that the Vexatious Litigant Statute does not violate state and federal constitutional rights of access to the courts, recognizing that "[t]his Court and others have rejected this contention repeatedly." *Guardianship of L.S.*, 14-15-00494-CV, 2017 WL 1416190, at *5 (Tex. App.—Houston [14th Dist.] Apr. 18, 2017, pet. denied) (citing *In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (rejecting argument that vexatious litigant statute violated constitutional due process rights) and *Leonard v. Abbott*, 171 S.W.3d 451, 457-458 (Tex. App.—Austin 2005, pet. denied) (rejecting contention that vexatious litigant statute violated open courts provision of Texas Constitution and equal protection clause of 14th Amendment to United States Constitution)).

34. The Third Court of Appeals has held that the Statute does not violate a litigant's rights to due process, equal protection of the law, or rights to petition the courts for relief. *Caldwell v. Zimmerman*, 03-18-00168-CV, 2019 WL 1372027, at *2 (Tex. App.—Austin Mar. 27, 2019, no pet.) (citing *In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that Statute does not categorically bar vexatious litigant from prosecuting lawsuit but merely requires him to obtain permission from local administrative judge before filing suit, which is not arbitrary or unreasonable restriction when balanced against purpose of statute); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 703–04 (Tex. App.—El Paso 2011, no pet.) (rejecting similar arguments about unconstitutionality of vexatious litigant statute); *Leonard v. Abbott*, 171 S.W.3d 451, 457–58 (Tex. App.—Austin 2005, pet. denied) (concluding that statute

does not violate constitutional rights to open courts, due process, and equal protection); *see also Cooper v. McNulty*, 05-15-00801-CV, 2016 WL 6093999, at *4 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (also acknowledging that "[f]ive of our sister courts have concluded the Vexatious Litigant Statute does not violate the vexatious litigant's constitutional due process and/or equal protection rights," citing *In re Potts*, 357 S.W.3d 766, 769 (Tex. App.–Houston [14th Dist.] 2011, orig. proceeding)).[6]

### C. Because the Probate Court gave Paul an opportunity to be heard, the Texas Vexatious Litigant Statute is constitutional as applied to him.

35. Like in *In re Potts*, 399 S.W.3d 685, Paul has not shown that the restrictions in the Vexatious Litigant Statute are unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Id.* at 688. The statute does not authorize courts to act arbitrarily, but permits them to restrict a plaintiff's access to the courts only after first making specific findings that the plaintiff is a vexatious litigant based on factors that are closely tied to the likelihood that the litigation is frivolous. *Id.*

36. In Paul's case, the Probate Court gave Paul an opportunity to be heard. When Nancy and Charles moved to declare Paul a vexatious litigant, Paul filed a response, and the Probate Court held a hearing where both parties presented their arguments.[7] Almost four weeks after the hearing, the Probate Court declared Paul a vexatious litigant.

---

[6] Also citing *Johnson v. Sloan*, 320 S.W.3d 388, 389–90 (Tex. App.—El Paso 2010, pet. denied); *Clifton v. Walters*, 308 S.W.3d 94, 101–02 (Tex. App.—Fort Worth 2010, pet. denied); *In re Johnson*, No. 07–07–0245–CV, 2008 WL 2681314, at *2 (Tex. App.—Amarillo Jul. 9, 2008, orig. proceeding); *Leonard v. Abbott*, 171 S.W.3d 451, 457–58 (Tex. App.—Austin 2005, pet. denied).

[7] A transcript of the January 4, 2018 vexatious litigant hearing is attached to Paul's Complaint as Exhibit 21 (Dkt. 1-1 at 145).

37. Paul appealed that decision to the Fourteenth Court. After considering Paul's appeal and the record, the Fourteenth Court confirmed the Vexatious litigant Order requiring him to post a bond and obtain permission of the appropriate local administrative judge before instituting new litigation. *Nunu v. Risk*, 567 S.W.3d 462, 470 (Tex. App.—Houston [14th Dist.] 2019, no pet. h.), reh'g denied (Feb. 19, 2019) (No. 14-18-00109-CV). In its opinion, this Court discussed Paul's litigious history against his siblings, from Probate Court proceedings to appellate proceedings, even numbering Paul's numerous actions as "Nunu I" through "Nunu IV" to keep track of his numerous actions.

### D. There is no constitutional right to file frivolous litigation

38. Like everyone else, Paul initially had an unconditional right to petition and sue in court; but Paul lost that right by continually filing frivolous, meritless claims.

39. "There is no constitutional right to file frivolous litigation." *Wolfe v. George,* 486 F.3d 1120, 1125 (9th Cir. 2007).

40. The Fifth Circuit has also made clear that a litigant does not have the right to file as many frivolous complaints as he wants. *Carson v. Johnson,* 112 F.3d 818, 822 (5th Cir. 1997) (discussing frivolous complaints filed *in forma pauperis*).

41. The result is the same under Texas law. While the right to sue and defend may be "one of the highest and most essential privileges of citizenship," that right, if abused, can be taken away, just like any other right. *See e.g. King v. Payne*, 156 Tex. 105, 114, 292 S.W.2d 331, 337 (1956) (holding that a litigant may lose right to appeal by failing to comply with procedural rules); *Insurance Exchange Agency of Texas, Inc. v. First Ins. Funding Corp.*, 14-04-00182-CV, 2005 WL 1772466, at *2 (Tex. App.—Houston [14th Dist.] July 26, 2005, no pet.) (holding that a corporation loses its right to sue or defend in Texas courts if its corporate privileges are forfeited

under section 171.251 of the Texas Tax Code); *In re U.P.*, 105 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (holding that father may lose parental rights if he fails to comply with court-ordered counseling and evaluations).

42. "There is no constitutional right to file frivolous litigation." *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 702 (Tex. App.—El Paso 2011, no pet.) (citing *Wolfe v. George,* 486 F.3d 1120, 1125 (9th Cir. 2007)).

43. Paul does not point to any case law, state or federal, where a court determined that any part of a vexatious litigant statute or vexatious litigant sanction infringes on a constitutional right. None of the litany of cases he relies on involves a vexatious litigant statute or sanction.

## Prayer

44. For the reasons herein, Defendants Nancy Nunu Risk and Charles L. Nunu respectfully request the Court to grant this Motion, dismiss all of Paul Nunu's claims against them with prejudice, and grant any other relief to which Nancy Nunu Risk and Charles L. Nunu are entitled.

Respectfully submitted,

MacINTYRE, McCULLOCH & STANFIELD, LLP

By: _____
W. CAMERON McCULLOCH
State Bar No. 00788930
Federal ID No. 308011
2900 Weslayan, Suite 150
Houston, Texas 77027
(713) 572-2900
(713) 572-2902 (Fax)
Cameron.McCulloch@mmlawtexas.com
e-serve@mmlawtexas.com (E-service only)

**ATTORNEYS FOR NANCY NUNU RISK AND CHARLES L. NUNU**

002551 0205017

## Certificate of Service

I hereby certify that on March 4, 2021, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure via the Court's CM/ECF system to all counsel of record as of the date of this filing.

_____
W. CAMERON McCULLOCH

002551 0205017

## APPENDIX

1. Fourteenth Court of Appeals, Case #14-18-00109-CV

2. Supreme Court of Texas, Case #19-0284

3. Fourteenth Court of Appeals, Case #14-19-00564-CV

4. Supreme Court of Texas, Case #21-0101