UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Paul E. Nunu,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action 4:21-CV-00128 |
| The State of Texas et al.,<br>    Defendants. | §<br>§<br>§ | |

### Nancy Nunu Risk's and Charles Nunu's Motion for Sanctions

Defendants Nancy Nunu Risk and Charles L. Nunu hereby move for sanctions against Paul Nunu and show the Court as follows:

### Summary of the Motion and Relief Requested

1.  Nancy and Charles ask the Court to impose sanctions on Paul and order Paul to reimburse them $6,150.00 for attorneys' fees they have already incurred. They also seek $4,500.00 for estimated future fees if the Court sets on oral hearing on a motion to dismiss filed by Nancy and Charles. Nancy and Charles ask the Court to also order Paul to reimburse them for appellate attorneys' fees they will incur if the Court dismisses Paul's action, and he appeals to the Fifth Circuit and the United States Supreme Court.

### Argument and Authorities

**I.   Rule 11 sanctions against Paul are appropriate here because he continues to relitigate claims he has already lost several times.**

2.  Rule 11 sanctions are appropriate when counsel relitigates previous losses. *M2 Tech., Inc. v. M2 Software, Inc.,* 748 Fed. Appx. 588, 590 (5th Cir. 2018). The Fifth Circuit has consistently affirmed Rule 11 sanctions for litigants relitigating claims barred by res judicata. *See*

1

*e.g. Hinojosa v. Brown*, 129 Fed. Appx. 915 (5th Cir. 2005); *Murungi v. DaimlerChrysler Services N. Am.*, 67 Fed. Appx. 247 (5th Cir. 2003); *Caballero v. Robinson*, 95 F.3d 49 (5th Cir. 1996).

3. Paul's lawsuit in this Court is his seventh attempt to have a vexatious litigant order vacated. Paul's claims are barred by res judicata.

4. On January 30, 2018, the Harris County Probate Court No. 1 declared Paul Nunu a vexatious litigant. Since that date, Paul has launched mission after mission to complain about the Vexatious Litigant Order, costing Nancy and Paul tens of thousands of dollars to defend.

5. After the Probate Court declared Paul a vexatious litigant, he appealed that ruling to the Texas Fourteenth Court of Appeals (No. 14-18-00109-CV).[1] The Fourteenth Court affirmed the Probate Court's ruling and denied Paul's request for rehearing. Paul appealed the Fourteenth Court's decision to the Supreme Court of Texas. The Supreme Court of Texas denied Paul's petition for review and denied Paul's request for rehearing.[2] Paul then appealed to the Supreme Court of the United States. The Supreme Court of the United States denied certiorari and denied Paul's request for rehearing.[3]

6. Paul also asserted constitutional challenges when he moved to dismiss Nancy and Charles' motions to enforce the Vexatious Litigant Order under the Texas Citizens Participation Act. The Probate Court denied his motion to dismiss. The Fourteenth Court affirmed the Probate Court's ruling and denied Paul's request for en banc rehearing (No. 14-19-00564-CV).[4] Paul appealed the Fourteenth Court's decision to the Supreme Court of Texas (No. 21-0101).[5]

---

[1] *See* Appendix 1. Nancy and Charles ask the Court to take judicial notice of activity in Paul's previous state court actions and attaches case details from the courts' websites.
[2] *See* Appendix 2.
[3] *See* Appendix 3.
[4] *See* Appendix 4.
[5] The Texas Supreme Court denied Paul's petition, and Paul has moved for rehearing. *See* Appendix 5.

002551 0235579

7. Paul concedes throughout his Complaint that every court has denied his constitutional challenges. In fact, the reason he brings this suit before this Court is because every court has denied to give him relief. He hopes this Court will give him a different result. This is exactly the type of situation that res judicata is intended to preclude. Paul cannot keep "shopping around" for a court that will give him the relief he wants.

## II. Rule 11 sanctions against Paul are appropriate here because his claims are legally indefensible.

8. Sanctions under Federal Rule of Civil Procedure 11 are appropriate if counsel submits a "legally indefensible" filing. *M2 Tech., Inc. v. M2 Software, Inc.*, 748 Fed. Appx. 588, 589 (5th Cir. 2018). A filing is legally indefensible if it is not "warranted by existing law or by a nonfrivolous argument." *Id.* (citing e.g. Fed. R. Civ. P. 11(b)(2)). The trial court should "judge an attorney's compliance with rule 11 by an objective standard of reasonableness under the circumstances." *Id.*

9. Here, Paul's constitutional challenges to the Vexatious Litigant Order and the Texas Vexatious Litigant are "legally indefensible."

10. As explained in Nancy's and Charles' Rule 12(b)(6) Motion to Dismiss, every court Paul has complained to—from the Probate Court in Harris County, to the Texas Fourteenth Court of Appeals, to the Supreme Court of Texas, and even to the Supreme Court of the United States—has determined that the Vexatious Litigant Order is valid and that the Texas Vexatious Litigant Statute is not unconstitutional (or has refused to consider Paul's constitutional challenges).

11. Courts he has not complained to—other Texas appellate courts, the Fifth Circuit, the Sixth Circuit, and the Eleventh Circuit—have also consistently held that vexatious litigant rules are not unconstitutional. *See United States v. Blount*, 523 Fed. Appx. 298, 300 (5th Cir. 2013) (stating "[w]hile the imposition of a sanction without a prior warning should generally be avoided,

3

this rule is not always applicable to [a litigant] who has filed many frivolous pleadings."); *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (internal citations omitted) (concluding that requiring indigent pro se plaintiffs to pay filing fees is one way the courts can control its docket from vexatious litigants); *Futernick v. Sumpter Township*, 207 F.3d 305 (6th Cir. 2000) (concluding that a district court's order requiring a litigant to obtain permission before filing any further motions does not violate his rights to due process and equal protection, where he was inundating the district court with repetitive motions); *Caldwell v. Zimmerman*, 03-18-00168-CV, 2019 WL 1372027, at *2 (Tex. App.—Austin Mar. 27, 2019, no pet.) (citing *In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that vexatious litigant statute does not categorically bar vexatious litigant from prosecuting lawsuit but merely requires him to obtain permission from local administrative judge before filing suit, which is not arbitrary or unreasonable restriction when balanced against purpose of statute); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 703–04 (Tex. App.—El Paso 2011, no pet.) (rejecting similar arguments about unconstitutionality of vexatious litigant statute); *Leonard v. Abbott*, 171 S.W.3d 451, 457–58 (Tex. App.—Austin 2005, pet. denied) (concluding that statute does not violate constitutional rights to open courts, due process, and equal protection); *see also Cooper v. McNulty*, 05-15-00801-CV, 2016 WL 6093999, at *4 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (also acknowledging that "[f]ive of our sister courts have concluded the Vexatious Litigant Statute does not violate the vexatious litigant's constitutional due process and/or equal protection rights," citing *In re Potts*, 357 S.W.3d 766, 769 (Tex. App.–Houston [14th Dist.] 2011, orig. proceeding)).[6]

---

[6] Also citing *Johnson v. Sloan*, 320 S.W.3d 388, 389–90 (Tex. App.—El Paso 2010, pet. denied); *Clifton v. Walters*, 308 S.W.3d 94, 101–02 (Tex. App.—Fort Worth 2010, pet. denied); *In re Johnson*, No. 07–07–0245–CV, 2008 WL 2681314, at *2 (Tex. App.—Amarillo Jul. 9, 2008, orig. proceeding); *Leonard v. Abbott*, 171 S.W.3d 451, 457–58 (Tex. App.—Austin 2005, pet. denied).

4

12. Paul does not point to any caselaw, state or federal, where a court determined that any part of a vexatious litigant statute or vexatious litigant sanction infringes on a constitutional right. None of the litany of cases he relies on involves a vexatious litigant statute or sanction.

13. Paul's counsel, Don Cheatham, was even counsel in one of the cases where the Texas Fourteenth Court of Appeals held that the Texas Vexatious Litigant Statute is not unconstitutional. *See Guardianship of L.S.*, 14-15-00494-CV, 2017 WL 1416190, at *5 (Tex. App.—Houston [14th Dist.] Apr. 18, 2017, pet. denied) (determining that the Vexatious Litigant Statute does not violate state and federal constitutional rights of access to the courts, recognizing that "[t]his Court and others have rejected this contention repeatedly.").

14. Paul's lawsuit in this Court is baseless and frivolous. He continues to harass his siblings and cause them to incur more attorneys' fees on top of the tens of thousands of dollars they have already incurred defending themselves from Paul's relentless legal attacks.

15. This Court has determined that "[w]here an action is frivolous or malicious, courts have inherent power to impose sanctions on the offending litigant." *Adeyinka v. Demosend*, CV H-18-2542, 2019 WL 1493295, at *1 (S.D. Tex. Apr. 4, 2019), appeal dismissed, 19-20226, 2019 WL 5079606 (5th Cir. June 4, 2019).

16. The Fifth Circuit reviews an imposition of Rule 11 sanctions for abuse of discretion. *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 527 (5th Cir. 2016).

17. District courts have considerable discretion to determine the appropriate sanction for litigants who violate Rule 11. *M2 Tech., Inc. v. M2 Software, Inc.*, 748 Fed. Appx. 588, 590–91 (5th Cir. 2018).

18. Nancy and Charles have incurred $6,150.00 in attorneys' fees thus far for responding to Paul's latest lawsuit in this Court. *See* Exhibit A.

**III. Paul amends his baseless Original Complaint with a First Amended Complaint that is substantively identical to his Original Complaint, causing Nancy and Charles to incur more fees.**

19. When Paul filed his Original Complaint, Nancy and Charles moved to dismiss under Rule 12(b)(6) and notified Paul that they will seek sanctions if he does not withdraw and/or voluntarily dismiss his baseless suit. Instead of withdrawing and/or voluntarily dismissing his baseless suit, Paul, undeterred, filed a First Amended Complaint that is substantively identical to his Original Complaint.

20. Nancy and Charles have incurred fees for their counsel to review and compare his First Amended Complaint and prepare a Rule 12(b)(6) motion to dismiss his First Amended Complaint. *See* Exhibit A.

<u>**Prayer**</u>

21. For the reasons herein, Defendants Nancy Nunu Risk and Charles L. Nunu respectfully request the Court to grant this Motion, award them $6,150.00 for attorneys' fees already incurred, award their future attorneys' fees, and grant any other relief to which Nancy Nunu Risk and Charles L. Nunu are entitled.

                                Respectfully submitted,

                                MacINTYRE, McCULLOCH & STANFIELD, LLP

                                By: _____
                                W. CAMERON McCULLOCH
                                State Bar No. 00788930
                                Federal ID No. 308011
                                2900 Weslayan, Suite 150
                                Houston, Texas 77027
                                (713) 572-2900
                                (713) 572-2902 (Fax)
                                Cameron.McCulloch@mmlawtexas.com
                                E-Serve@mmlawtexas.com (E-service only)
                                **ATTORNEYS FOR NANCY NUNU RISK AND CHARLES L. NUNU**

**CERTIFICATE OF CONFERENCE**

We sent a proposed draft of this Motion for Sanctions to Mr. Don Cheatham, Paul Nunu's counsel, by email and by certified mail on March 17, 2021. Because Paul Nunu did not withdraw his lawsuit within the 21-day "safe harbor" period, we are proceeding with the Motion for Sanctions.

_____
W. CAMERON McCULLOCH

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2021, a true and correct copy of the foregoing was served pursuant to the Federal Rules of Civil Procedure via the Court's CM/ECF system to all counsel of record as of the date of this filing.

_____
W. CAMERON McCULLOCH

002551 0235579

# EXHIBIT A

### AFFIDAVIT OF W. CAMERON McCULLOCH

STATE OF TEXAS               §
§
COUNTY OF HARRIS          §

      BEFORE ME, the undersigned notary, on this day personally appeared W. Cameron McCulloch, the Affiant, a person whose identity is known to me. After I administered an oath to Affiant, Affiant testified:

1. "My name is W. Cameron McCulloch. I am a licensed attorney in the State of Texas, am over the age of eighteen years, and am fully qualified to make this Affidavit. The facts stated in this Affidavit are based on my personal knowledge and are true and correct."

2. "I have been a licensed attorney in the State of Texas since 1994. I am familiar with the normal and reasonable legal fees charged by attorneys in Harris County and surrounding counties for a case of this type, as I have practiced in civil litigation in Harris County since 1994."

3. "Nancy Nunu Risk and Charles L. Nunu retained my firm, MacIntyre, McCulloch & Stanfield, LLP, to represent them in this matter. Nancy and Charles agreed to pay my firm and attorneys working with my firm a reasonable fee for our services."

4. "My firm has performed, and will perform, reasonable and necessary legal services to Nancy and Charles."

5. "Per *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019), the information contained in this Affidavit and the attached spreadsheet show (1) the particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services."

# EXHIBIT A

6. "Paul Nunu filed an Original Complaint on January 14, 2021. My firm prepared a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). My firm also prepared a proposed motion for sanctions and served it on Paul's counsel."

7. "Paul Nunu filed a First Amended Complaint on March 14, 2021. My firm prepared a Motion to Dismiss his First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). My firm prepared another proposed motion for sanctions and served it on Paul's counsel."

8. "I have litigated matters before the probate courts in Harris and other counties since 1994. My billing rate is $450/hour. Laurel M. Smith is an associate with my firm. She has been litigating matters before the probate courts in Harris and other counties since she became licensed in May 2019. Her billing rate is $200/hour. Tracia Lee is my firm's briefing attorney. Ms. Lee has been licensed to practice law in Texas since 1999, and she focuses on civil appeals, civil litigation, and legal research and motions practice for civil matters. Her billing rate is $300/hour."

9. "Ms. Lee spent several hours evaluating Paul's Original Complaint and preparing a Motion to Dismiss under Rule 12(b)(6) to challenge the Original Complaint, which included researching issues pertinent for the Motion. She also reviewed trial court materials and decisions of various courts as well as the Fourteenth Court of Appeals in order to prepare the Motion to Dismiss. She also prepared a proposed motion for sanctions, which included researching issues pertinent for the motion and preparing an affidavit to prove up attorneys' fees. Her tasks and time spent on the tasks are set out in the attached spreadsheet."

10. "Ms. Lee spent several hours evaluating Paul's First Amended Complaint, comparing it to the Original Complaint, and preparing a Motion to Dismiss under Rule 12(b)(6) to challenge the First Amended Complaint. She also prepared a proposed motion for sanctions and an affidavit to prove up attorneys' fees. Her tasks and time spent on the tasks are set out in the attached spreadsheet."

11. "Ms. Lee spent a total of 20.5 hours addressing Paul's complaints in this case. Fees for her services total $6,150.00 at her hourly rate of $300.00."

12. "Nancy and Charles will also incur $4,500.00 at my hourly rate of $450.00 for 10 hours for me to prepare for and attend a hearing on their Motion to Dismiss if the Court sets an oral hearing."

# EXHIBIT A

13. "If Paul appeals a ruling on Nancy's and Charles' Motion to Dismiss, my firm will handle the appeal. I opine that, in addition to the attorneys' fees incurred to date, Nancy and Charles will incur an additional $18,000.00 if Paul appeals a ruling to the Fifth Circuit. This amount is based on my experience, the factors set out in *Arthur Andersen, Rohrmoos*, and the Texas Disciplinary Rules of Professional Conduct, as well as the amounts Nancy and Charles incurred to address Paul's state court appeals in the past. Based on her experience preparing appellate briefs, Ms. Lee estimates it would take at least 60 hours for her to review an appellant's brief, review the appellate record, read cases cited the appellant, conduct pertinent research, and write an appellee brief. If oral arguments are made to the court of appeals, I opine that my clients will incur an additional $22,500.00 in attorneys' fees for such oral argument at my hourly rate of $450.00 for a total of 30 hours, and Ms. Lee's hourly rate of $300.00 for 30 hours for assisting me, which is a reasonable and necessary amount to prepare for, and attend an oral hearing. In the event any motion for rehearing or motion for rehearing en banc to the court of appeals, I opine that my clients will incur an additional $9,000.00 in attorneys' fees at Ms. Lee's hourly rate of $300.00 for a total of 30 hours, which is a reasonable and necessary amount for preparing a response. I ask the Court to award these fees if Nancy and Charles prevail before the intermediate appellate court."

14. "If Paul files a petition for review to the Supreme Court and a response is filed, I opine that my clients will incur an additional $12,000.00 in attorney's fees for a response to a petition for review at Ms. Lee's hourly rate of $300.00 for a total of 40 hours, which is a reasonable and necessary amount. If briefs on the merits are requested on a petition for review to the Supreme Court, I opine that my clients will incur an additional $18,000.00 in attorneys' fees for a response brief on the merits at Ms. Lee's hourly rate of $300.00 for a total of 60 hours, which is a reasonable and necessary amount. If oral arguments are made to the Supreme Court, I opine that my clients will incur an additional $30,000.00 in attorneys' fees for such oral argument at my hourly rate of $450.00 for a total of 40 hours, and Ms. Lee's hourly rate of $300.00 for 40 hours for assisting me, which is a reasonable and necessary amount. If Paul files a motion for rehearing at the Supreme Court, and a response is requested and filed on either a denied petition for review or if the petition for review is granted but after an opinion issues, I opine that my clients will incur an additional $9,000.00 in attorneys' fees for each such motion or response at Ms. Lee's hourly rate of $300.00 for a total of 30 hours, which is a reasonable and necessary amount. I ask the Court to award these fees if Nancy and Charles prevail before the Supreme Court."

15. "Based on my experience handling similar matters, the factors set out in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), and the Texas Disciplinary Rules of Professional Conduct, I opine that the legal services my firm performed are necessary and reasonable, that the rates of the attorneys and paralegals of my firm are

# EXHIBIT A

reasonable given each person's experience, and that the amount of our fees is reasonable for the services provided to Nancy and Charles."

16. "On March 17, 2021, my firm sent a draft of the Motion for Sanctions to Don Cheatham, Paul Nunu's counsel, by email and by certified mail. A true and correct copy of the email to Mr. Cheatham and receipt of delivery of the certified mail are attached to this Affidavit. Paul Nunu has not withdrawn his lawsuit."

_____
W. Cameron McCulloch

SWORN TO and SUBSCRIBED BEFORE ME, the undersigned authority, on this 13th day of April, 2021.



_____
Notary Public in and for the State of Texas

TRACEY NAKUNZ CRYER
Notary Public
STATE OF TEXAS
ID#5210489
My Comm. Exp. Dec. 11, 2021

| Date | Notes | Attorney | Hours |
|---|---|---|---|
| 1/26/21 | Review new federal court lawsuit by Paul Nunu | TL | 0.4 |
| 1/27/21 | Review service procedure and court's docket; correspond with Don Cheatham about answer date | TL | 0.4 |
| 2/12/21 | Discuss service and answer date with WCM | TL | 0.2 |
| 2/15/21 | Commence drafting Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) | TL | 1.9 |
| 2/19/21 | Continue drafting Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) | TL | 0.9 |
| 2/22/21 | Continue drafting Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) | TL | 2.2 |
| 2/23/21 | Continue drafting Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) | TL | 1.1 |
| 3/2/21 | Continue drafting Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) | TL | 2.4 |
| 3/3/21 | Correspond with counsel for Judge Newman and Judge Cox about federal court case; continue drafting Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) | TL | 2.1 |
| 3/4/21 | Prepare proposed motion for sanctions; discuss service and filing procedures for the 12(b)(6) Motion to Dismiss and Motion for Sanctions with Tracey Cryer | TL | 3 |
| 3/5/21 | Continue preparing proposed motion for sanctions | TL | 0.4 |
| 3/17/21 | Review Paul's Amended Complaint; prepare Motion to Dismiss under Rule 12(b)(6) to challenge the First Amended Complaint; prepare proposed motion for sanctions | TL | 2.5 |
| 3/26/21 | Continue preparing Motion to Dismiss Paul's First Amended Complaint | TL | 1 |
| 3/30/21 | Review Paul Nunu's Response to Motion to Dismiss and prepare reply to same (Federal case) | TL | 1 |
| 4/12/21 | Finalize motion for sanctions | TL | 1 |
| | Total hours | | 20.5 |

Tracia Lee <tlee@tleelaw.com>

## Nunu v. State of Texas et al - Proposed motion for sanctions

1 message

**Tracia Lee** <tlee@tleelaw.com>  Wed, Mar 17, 2021 at 2:46 PM
To: Donald Cheatham <cheathamlaw@aol.com>
Cc: Cameron McCulloch <Cameron.McCulloch@mmlawtexas.com>, Tracey Cryer <tracey.cryer@mmlawtexas.com>

Don,

This is a draft of a motion for sanctions that we will file with the federal court if you do not withdraw your First Amended Complaint against Nancy Nunu Risk and Charles Nunu and dismiss your case against them. Per FRCP 11(c)(2), you have 21 days to withdraw your First Amended Complaint and dismiss your case against them. This draft will also be sent to you by mail.

Tracia Lee
Special Counsel for MacIntyre, McCulloch & Stanfield, LLP

📎 **Proposed Motion for Sanctions - 1st Amd Complaint.pdf**
221K

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70182290000166995090

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 10:29 am on March 20, 2021 in HOUSTON, TX 77042.

## ✓ Delivered, Front Desk/Reception/Mail Room

March 20, 2021 at 10:29 am
HOUSTON, TX 77042

**Get Updates** ∨

---

**Text & Email Updates**

---

**Tracking History**

March 20, 2021, 10:29 am
Delivered, Front Desk/Reception/Mail Room
HOUSTON, TX 77042
Your item was delivered to the front desk, reception area, or mail room at 10:29 am on March 20, 2021 in HOUSTON, TX 77042.

March 19, 2021, 5:13 pm
Departed USPS Regional Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee  $ 3.60
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)           $ _____
☐ Return Receipt (electronic)         $ _____     Postmark
☐ Certified Mail Restricted Delivery  $ _____      Here
☐ Adult Signature Required            $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage  $ 1.40
Total Postage and Fees  $ 5.00
Sent To  DONALD T. CHEATHAM
Street and Apt. No., or PO Box No.  9801 WESTHEIMER # 600
City, State, ZIP+4®  HOUSTON TX 77042

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**March 18, 2021, 11:16 pm**
Arrived at USPS Regional Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

---

**Product Information** ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

## APPENDIX

1. Fourteenth Court of Appeals, Case #14-18-00109-CV
2. Supreme Court of Texas, Case #19-0284
3. United States Supreme Court, Case #19-713
4. Fourteenth Court of Appeals, Case #14-19-00564-CV
5. Supreme Court of Texas, Case #21-0101

8

002551 0235579