UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL E. NUNU, § | |
|    Plaintiff § | |
|      vs. § | CIVIL ACTION NO. 4:21-cv-00128 |
| THE STATE OF TEXAS et al, § | |
|    Defendants § | |

## Plaintiffs' Motion for Leave to Amend Complaint

**To the Honorable Gray H. Miller United States District Judge:**

NOW COMES Plaintiff, Paul E. Nunu, through the undersigned counsel of record seeking Leave of this Court pursuant to Federal Rules of Civil Procedure 15 and 19 to Amend and file the attached Second Amended Complaint facially challenging the Constitutionality of the Texas Vexatious Litigant Statutes [Docket # 18], averring in support thereof as follows:

### Introduction

Since this suit has been pending, Defendants Nunu and Risk have taken retaliatory action against Plaintiff in the form of a conspiracy with non-party actors to liquidate Plaintiffs' Mothers' estate for pennies on the dollar to deprive Plaintiff of vested property interests through the use and application of void judgments which judgments he has herein this case also challenged as having so issued without due process of law.

Plaintiff now seeks leave of this Court to further amend his Complaints to add an additional necessary Defendant to comply strictly, completely and fully with Federal Rule of Civil Procedure

1

19.[1]  Mr. Reiner is a member of the Texas State Bar and so is readily susceptible to service of process and there is no rational reason why his joinder should not happen.

## Motion for Leave to Amend

This motion is filed before the proposed 31 May 2021 DCO deadline for adding parties as currently proposed in a recently submitted and filed proposed Docket Control Order.

---

[1] **Rule 19. Required Joinder of Parties**
(a) Persons Required to Be Joined if Feasible.
	(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
		(A) in that person's absence, the court cannot accord complete relief among existing parties; or
		(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
			(i) as a practical matter impair or impede the person's ability to protect the interest; or
			(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. (2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.(3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.   (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
	(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
	(2) the extent to which any prejudice could be lessened or avoided by:
		(A) protective provisions in the judgment;
		(B) shaping the relief; or
		(C) other measures;
	(3) whether a judgment rendered in the person's absence would be adequate; and
	(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.
(c) Pleading the Reasons for Nonjoinder. When asserting a claim for relief, a party must state:
	(1) the name, if known, of any person who is required to be joined if feasible but is not joined; and     (2) the reasons for not joining that person.
(d) Exception for Class Actions. This rule is subject to Rule 23.

The parties conferred and Defendants Nunu and Risk oppose this Motion for Leave to Amend, while the State of Texas and Defendant Probate Judges did not respond to Plaintiff's unsuccessful attempt to confer.

Plaintiff now seeks leave to amend to sue Howard Reiner, 3410 Mercer Street, Houston, Texas 77027, (713) 963-8004 Office, (713) 963-8044 Fax, howard@problaw.com, Court Appointed Dependent Administrator of Plaintiffs' Mothers' estate, on the grounds that Mr. Reiner has actively conspired with Defendants Nunu and Risk, and their lawyer W. Cameron McCulloch to deprive Plaintiff of his vested inheritance in direct violation of the probated will.

Specifically, Plaintiff makes the following specific allegations of actionable conduct against Defendant Howard M. Reiner:

Defendant Reiner is a joint participant of the constitutional wrongdoing with non-party state actor Probate Judge Loyd H. Wright (predecessor to Defendant Probate Judge Michael B. Newman), and Defendants Nunu and Risk and their attorney W. Cameron McCulloch, all acting in agreement and conspiracy with the common goal to violate Plaintiffs' federally protected rights through the knowing use of a void judgment dated 12 January 2017 (App.19) appointing Defendant Reiner as dependent administrator, therein unlawfully usurping under color of state law total judicial control over an estate in direct violation of Tex. Estates § 402.001 prohibition against *further action of any nature after independent administration has been created and all conditions met,* and violates the express terms of the probated Will (App.17) commanding that the estate to administered as an independent administration free of judicial control, thereby unlawfully encumbering Plaintiffs vested property interests, all as part of a direct scheme to deprive Plaintiff

3

of vested property interests without due process of law;

Defendant Reiner acting in furtherance of such conspiracy has mis-used his judicially anointed power as dependent administrator now seeking court approval to permanently deprive Plaintiff of all vested real property interests by liquidating for pennies on the dollar the entire estate based upon voidable purported claims created by Defendant Reiner's intentional malfeasance, thus under color of law depriving Plaintiff of vested interests without due process of law;

Defendants' intentional malfeasance breached his fiduciary duties owed to Plaintiff and the probate estate in numerous particulars: by having an irreconcilable conflict of interest adverse to Plaintiff, and then intentionally failing to appear at trial to defend estate property from the invalid claim of attorney McCulloch, then with stated intent to liquidate the estate to pay a voidable claim barred by limitations; "*An executor or administrator is not permitted by law to pay an indebtedness barred by limitation. To do so is a fraud upon the estate.*"[2]   See also Tex. Estates § 355.061(b).

In furtherance of this conspiracy Defendant Reiner has falsely sworn (App.26 p.7) that the estate has debts to Defendant Risk' attorney Cameron McCulloch in the amount of **$85,129** and Greenburg & Traurig **$10,797,** when in truth and in fact the voidable non-interest-bearing monetary judgment is for less than half that amount, **$45,712** and only payable to Defendant Risk.  Thus, Defendant Reiner has falsely sworn to the validity of grossly inflated voidable debts against the estate as part of a conspiracy to fraudulently liquidate the estate and deprive Plaintiff of vested property without due process;

---

[2]***Pinkston V. Pinkston*** 266 S.W.2d 515, 519(Tex.Civ.App.Waco1954).

Defendant Reiner acting at the direction of non-party state actor Probate Judge Loyd H. Wright has mis-used his power breaching fiduciary duties continuously refusing to acknowledge the unambiguous provision in the probated Will (App.17) that declares Plaintiff as the sole beneficiary of the Will and sole owner of all estate property as a direct and proximate result of Defendants Nunu and Risk actions causing the entry of the judgment of 12 January 2017 (App.19). Defendant Reiner has breached his fiduciary duties to Plaintiff through sworn allegiance to Defendants Nunu and Risk in spite of the probated Will's express provision that Defendants Nunu and Risk are to receive $1 and nothing further.

## Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Honorable Court grant leave to amend his complaint, and, that this Court grant Plaintiff whatever other relief to which he might be entitled at law or in equity, or the nature of this cause might require, as the Courts might deem meet, just and proper.

Plaintiff prays for general relief.

Respectfully submitted,

*/S/ Donald T. Cheatham*
**Donald T. Cheatham**
Texas Bar Number 24029925
SDTX: 32456
9801 Westheimer Road, Suite 300
Houston, Texas 77042
(713) 337-0155 Telephone
(713)400-7696 Telecopier
email: cheathamlaw@aol.com
**ATTORNEY FOR PLAINTIFF**

5

## Certificate of Service

The undersigned does hereby certify that he caused service of process upon record counsel for the Defendants through the Clerk's CM/ECF system and all other parties individually pursuant to Federal Rule of Civil Procedure 4 and 5 on the effective date of this filing.

*/S/ Donald T. Cheatham*
**Donald T. Cheatham**

## Certificate of Conference

The undersigned certifies that he has sought to confer via email with all counsel regarding the merits of this motion. Defendants Nunu and Risk have express opposition, and Defendants State of Texas and the Probate Judges have not expressed opposition.

*/S/ Donald T. Cheatham*
**Donald T. Cheatham**