UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL E. NUNU, § | |
|    Plaintiff § | |
|       vs. § | CIVIL ACTION NO. 4:21-cv-00128 |
| THE STATE OF TEXAS through its § | |
| ATTORNEY GENERAL HON. KEN PAXTON, § | |
| THE HONORABLE MICHEAL B. NEWMAN, § | |
| THE HONORABLE JASON A. COX, § | |
| CHARLES L. NUNU, NANCY NUNU RISK § | |
| and HOWARD M. REINER § | |
|    Defendants § | |

## Notice of Appeal

NOW COMES Plaintiff, Paul E. Nunu giving notice of appeal to Defendants The State of Texas, appearing herein through the Honorable Ken Paxton, Texas Attorney General, the Honorable Michael B. Newman, the Honorable Jason A. Cox, Charles L. Nunu, Nancy Nunu Risk, and Howard M. Reiner, defendants in this case, to the United States Court of Appeals for the Fifth Circuit from the Memorandum Opinion and Order, and Final Judgment entered in this action on the 20th day of July, 2021 attached hereto and incorporated herein for all purposes.

Respectfully submitted,
*/s/Paul E. Nunu*
**Paul E. Nunu**
SBN 15141850
SDTX: 6543
3256 Burke Rd
Pasadena, Texas 77504
Telephone (713) 868-6868
Telecopier (713) 861-6868
NunuLawOffice@aol.com

1

## Certificate of Service

The undersigned does hereby certify that he caused service of process upon record counsel for the Defendants through the Clerk's CM/ECF system pursuant to Federal Rule of Civil Procedure 4 and 5 on the effective date of this filing.

*/s/Paul E. Nunu*
**Paul E. Nunu**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL NUNU, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-21-128 |
| § | |
| STATE OF TEXAS, ET AL., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are four motions to dismiss filed by defendants State of Texas ("the State") (Dkt. 55); the Honorable Michael B. Newman and the Honorable Jason A. Cox ("the Judge Defendants") (Dkt. 56); Howard Reiner ("Reiner") (Dkt. 57); and Charles Nunu ("Charles") and Nancy Nunu Risk ("Nancy") (Dkt. 54).[1]  Also pending before the court is Charles's and Nancy's motion for sanctions (Dkt. 27). Having considered the motions, responses, and the applicable law, the court is of the opinion that the defendants' motions to dismiss should be GRANTED, and Charles's and Nancy's motion for sanctions should be DENIED.

**I. BACKGROUND**

This case is before the court because Paul, a Texas attorney, has been declared a vexatious litigant in Texas state court proceedings, pursuant to Texas Civil Practice and Remedies Code section 11. Dkt. 52. The court has attempted to piece together the story behind this lawsuit from Paul's second amended complaint and his express incorporation of an order from the Fourteenth Court of Appeals in Houston, Texas. *Id.* at 23 (citing *Nunu v. Risk*, 567 S.W.3d 462, 463 (Tex.

---

[1] To avoid confusion, the court uses first names to identify members of the Nunu family throughout this opinion.

App.—Houston [14th Dist.] 2019), *reh'g denied* (Feb. 19, 2019), *review denied* (July 12, 2019), *cert. denied*, --- U.S. ----, 140 S. Ct. 1110, 206 L.Ed.2d 181 (2020), *reh'g denied*, --- U.S. ----, 140 S. Ct. 2706, 206 L. Ed. 2d 845 (2020)).

Paul, Nancy, and Charles have traveled a "well-worn track through the [Texas] appellate courts" regarding disputes about various state court orders related to the administration of their mother's estate.[2] *Nunu v. Risk*, 612 S.W.3d 645, 650 (Tex. App.—Houston [14th Dist.] 2020), *review denied* (Mar. 26, 2021). After years of litigation in state court during which Paul advanced various arguments about what he contends was the wrongful administration of his mother's estate, Charles and Nancy moved to have Paul declared a vexatious litigant.[3] Dkt. 52. On January 30, 2018, Judge Lloyd Wright granted Charles's and Nancy's motion, declaring Paul a vexatious litigant. *Id.* at 29. On January 15, 2019, the Fourteenth Court of Appeals affirmed the trial court's judgment, noting that "[t]he trial court's vexatious-litigant finding [was] supported by Paul's repeated attempts to relitigate matters that he voluntarily dismissed with prejudice." *Risk*, 567 S.W.3d at 470.

As a vexatious litigant, Paul is required to obtain permission from the appropriate administrative judge before filing new ligation, including new appeals. Tex. Civ. Prac. & Rem. Code § 11.101. On January 31, 2019, Judge Jason Cox denied Paul permission to appeal a judgment against him that granted attorney's fees to Charles and Nancy. Dkt. 52 at 31. Paul then hired his own counsel and attempted to appeal again, but on April 24, 2019, Judge Michael

---

[2] The court only discusses the relevant portions of the lengthy procedural and factual history of the state court proceedings because it is not necessary to lay out a detailed history of those proceedings here. Dkt. 52.

[3] When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

Newman granted Charles's and Nancy's motion to strike Paul's appeal and added additional conditions for Paul to file new appeals. *Id.* at 31–32. Paul then appealed to the Fourteenth Court of Appeals, but the court dismissed the appeal for lack of jurisdiction, noting that "[b]ecause the trial court struck appellant's first notice of appeal, and because appellant's amended notice of appeal [was] untimely, neither notice of appeal invoked this court's jurisdiction." *Nunu v. Risk*, No. 14-19-00084-CV, 2019 WL 2536598, at *1 (Tex. App.—Houston [14th Dist.] June 20, 2019), *review denied* (Apr. 3, 2020). Paul contends that the vexatious litigant order against him violates both the United States Constitution and the Texas Constitution and asks this court to declare "void and unconstitutional" Texas's vexatious litigant statute. Dkt. 52 at 66. Paul also seeks "damages for the unlawful conversion of [his] inheritance from an independent administration to a dependent administration and the continuing diminution of the estate due to gross neglect of [the] dependent administrator." *Id.* at 65.

## II. MOTIONS TO DISMISS

The defendants filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[4] Dkts. 54, 55, 56, 57. The motions are ripe for disposition.

### A. Legal Standard

#### 1. 12(b)(1) Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "In determining whether the court has subject matter jurisdiction, [it] must accept as true the allegations set forth in the complaint."

---

[4] Paul contends that the defendants' motions to dismiss are "sanctionable" as "prohibited demurrer practice." Dkt. 59 at 8. The defendants' motions are not demurrers—the defendants filed motions to dismiss Paul's second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkts. 54, 55, 56, 57. Accordingly, the court rejects this argument.

*Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015). "[A] trial court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* Constitutional standing is a question of subject matter jurisdiction. *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017). Because standing is jurisdictional, it "should be decided by the court before reaching the merits of the case." *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93–94, 118 S. Ct. 103 (1998). "To establish Article III standing, a plaintiff must show[:] (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." *Crane*, 783 F.3d at 251. "The burden of proof . . . is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**2. 12(b)(6) Motion to Dismiss**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

4

*Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

**B. Analysis**

Paul asserts claims against the State, Reiner, Charles, Nancy, and the Judge Defendants, all of whom argue that Paul's claims are barred by the *Rooker-Feldman* doctrine. Dkts. 54, 55, 56, 57. The *Rooker–Feldman* doctrine is jurisdictional and "'holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (quoting *Union Planters Bank Nat'l Ass'n v. Salih,* 369 F.3d 457, 462 (5th Cir. 2004)). "One hallmark of the *Rooker–Feldman* inquiry is what the federal court is being asked to review and reject." *Id.* at 382. Federal district courts lack jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings.'" *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S. Ct. 1303 (1983). "A state court judgment is attacked for purposes of *Rooker–Feldman* when the federal claims are inextricably intertwined with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Weaver v. Texas Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (cleaned up). "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). The Fifth Circuit has described the *Rooker-Feldman* doctrine as "comprising four elements: '(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment.'" *Burciaga v. Deutsche Bank*

*Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (quoting *Houston v. Venneta Queen*, 606 Fed. App'x. 725, 730 (5th Cir. 2015)).

The first three elements of *Rooker-Feldman* are easily satisfied in Paul's case—Paul lost in state court and alleges injuries caused by the state-court judgments against him. *See Burciaga*, 871 F.3d at 384. Additionally, the judgments against him were rendered before the district court proceedings began. Dkt. 52. As to the fourth element of whether Paul's suit seeks review and reversal of the state-court judgment, Paul asks the court to (1) declare as void various orders from state courts related to Paul's declaration as a vexatious litigant; and (2) award attorneys' fees and costs "incurred challenging the void state court orders." *Id.* at 66–67. Paul also seeks damages for what he contends is the "unlawful conversion" of his inheritance and the "continuing diminution" of his mother's estate "due to gross neglect of [the] dependent administrator." *Id.* at 65. Paul's suit clearly requests review and reversal of the state-court judgments against him, and *Rooker-Feldman* applies; thus, the court does not have jurisdiction.

Paul argues that *Rooker-Feldman* does not apply here because he "in no way seeks" appellate review of the state court decisions and that his challenges are "solely on the legal basis that [the state court decisions] violate guaranteed . . . [c]onstitutional freedoms."[5] Dkt. 59 at 9.

---

[5] Additionally, Paul seemingly argues that *Rooker-Feldman* does not apply to his case because the state court orders are void for lack of subject matter jurisdiction. *See, e.g.*, Dkt. 59 at 9. He cites no cases for this proposition, but to the extent that he intends to invoke the purported "void *ab initio* exception" to *Rooker-Feldman*, the court rejects that argument because (1) it is unclear whether the Fifth Circuit recognizes this exception; and (2) "the cases that do recognize this exception . . . indicate that it is presently limited to the bankruptcy context." *Houston*, 606 F. App'x at 733; see also *Matter of Cleveland Imaging & Surgical Hosp., L.L.C.*, 690 F. App'x 283, 286 (5th Cir. 2017) ("[The Fifth Circuit] has neither endorsed nor rejected the *ab initio* exception."); *Hix v. Bosque Cty.*, No. A-15-CV-1009-LY, 2016 WL 3688439, at *4 (W.D. Tex. July 6, 2016) (recognizing that the Fifth Circuit has not endorsed this exception and noting that it is presently limited to bankruptcy cases). The court need not determine whether the Fifth Circuit

6

But his arguments and the relief he seeks show otherwise. "[W]here a plaintiff seeks relief that directly attacks the validity of an existing state court judgment," *Rooker-Feldman* applies. *Weaver*, 660 F.3d at 904. Paul essentially asks the court to provide appellate review of the state court judgments against him, and this court does not have jurisdiction to provide appellate review of state court judgments.

Paul cites repeatedly to the Supremacy Clause of the United States Constitution for the proposition that this court has jurisdiction over his claims, and he seemingly contends that this court has jurisdiction over any constitutional claims. Dkt. 52 at 13, 36; Dkt. 59 at 18, 20. But even if a plaintiff challenges the constitutionality of the state court's action as Paul does here, "[a]bsent specific law otherwise providing, [the *Rooker-Feldman*] doctrine directs that federal district courts lack [subject matter] jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). "Constitutional questions arising in state proceedings are to be resolved by the state courts." *Id.* If the state trial court errs, "the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court." *Id.* "Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."[6] *Id.*

Moreover, to the extent that Paul asserts new constitutional claims in this case, the court does not have jurisdiction over those claims either—"'[i]f the constitutional claims presented to a United States District Court are inextricably intertwined' with the state court judgment, then the

---

recognizes this exception because Paul's case is not a bankruptcy case. Therefore, this exception does not apply whether the Fifth Circuit recognizes it or not.
[6] Notably, Paul already petitioned the United States Supreme Court for a writ of certiorari, and the Court denied certiorari on February 24, 2020, and then denied Paul's petition for rehearing on April 20, 2020. *Nunu v. Risk*, --- U.S. ----, 140 S. Ct. 1110, 206 L. Ed. 2d 181, *reh'g denied*, --- U.S. ----, 140 S. Ct. 2706, 206 L. Ed. 2d 845 (2020).

federal district court has no jurisdiction." *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 351 (5th Cir. 2003) (quoting *D.C. Ct. of Appeals*, 460 U.S. at 483). In *Liptak*, a case similar to Paul's, the Fifth Circuit rejected the plaintiff's argument that he was entitled to a trial on the issue of whether Texas's vexatious litigant statute was unconstitutional. *Liptak v. Banner*, 67 F. App'x 252 (5th Cir. 2003). The court reasoned that his claims, including his challenge to the vexatious litigant statute, were "inextricably intertwined" with the state court decisions in his case. *Id.* Thus, the court held that the district court had "properly dismissed [his] previously-litigated claims for lack of subject-matter jurisdiction." *Id.*

Like in *Liptak*, this court has no jurisdiction over Paul's claims because his claims are inextricably intertwined with the state court decisions in his probate case. Paul argues that (1) the Fourteenth Court of Appeals erred because it misinterpreted the vexatious litigant statute; (2) his mother's will was misinterpreted; (3) the Fourteenth Court of Appeal's decision affirming the state trial court's award of attorney's fees to Charles and Nancy is "patently unconstitutional," and attorney's fees were only awarded as "penalty or punishment" against Paul because he exercised his constitutional rights; and (4) the Fourteenth Court of Appeals ignored his constitutional arguments. Dkt. 52 at 24–25, 37–38, 40, 44–45. Paul's claims regarding the constitutionality of Texas's vexatious litigant statute are inextricably intertwined with the state court judgments against him. Thus, the court does not have jurisdiction.

Notably, *Rooker-Feldman* bars as-applied constitutional challenges to a statute but does not bar facial challenges. *Truong*, 717 F.3d at 382. Paul argues that he is challenging the constitutionality of the vexatious litigant statute generally, not only as applied to him. However, an examination of Paul's complaint "belies this contention." *Kastner v. Tex. Bd. of L. Exam'rs*, 278 F. App'x 346, 349 (5th Cir. 2008). Paul's allegations stem from the vexatious litigant statute's

8

application to him. Specifically, he argues that the vexatious litigant statute should not apply to him because (1) only one probate case exists; (2) no evidence was offered at the hearing on this issue; (3) the statute is only being applied to him as retaliation for Paul's discovery of additional evidence in his probate case; (4) the statute only applies to pro se litigants; and (5) the judge who originally declared Paul a vexatious litigant held a personal grudge against Paul and "attack[ed him] without provocation." Dkt. 52 at 28–29, 32. Paul's complaint does not "adequately set forth a general, facial challenge" to Texas's vexatious litigant statute.[7] *Kastner*, 278 F. App'x at 349. Accordingly, the district court lacks jurisdiction.

### III. MOTION FOR SANCTIONS

Nancy and Charles also filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Dkt. 27. Paul responded. Dkt. 37. Rule 11(b) requires that an attorney certify, after a reasonable inquiry, that every pleading, written motion, or other paper submitted to the court (1) is not presented for any improper purpose; (2) contains legal contentions that are "warranted by existing law or by a nonfrivolous argument" that the law should be changed; (3) contains factual contentions that are (or are likely to be) supported by evidence; and (4) contains denials that are warranted by the evidence or based on belief or lack of information. Fed. R. Civ. P. 11(b). The imposition of sanctions under Rule 11 is left to the district court's discretion. *See*

---

[7] Moreover, multiple courts have rejected challenges to the constitutionality of Texas's vexatious litigant statute. *See, e.g.*, *Connor v. Hooks*, No. 03-19-00198-CV, 2021 WL 833971, at *7–9 (Tex. App.—Austin Mar. 5, 2021, pet. filed) (mem. op.) (rejecting plaintiff's challenge to the constitutionality of Texas's vexatious litigant statute and noting that "[t]his court, our sister courts, and federal district courts have repeatedly and consistently rejected constitutional challenges to Chapter 11"); *Caldwell v. Zimmerman*, No. 03-18-00168-CV, 2019 WL 1372027, at *2–3 (Tex. App.—Austin Mar. 27, 2019, no pet.) (mem. op.) (rejecting plaintiff's argument that Texas's vexatious litigant statute is unconstitutional and noting that "this Court and our sister courts have rejected similar constitutional arguments by vexatious litigants); *Liptak v. Banner*, No. CIV.A. 301CV0953M, 2002 WL 378454, at *3–*5 (N.D. Tex. Mar. 7, 2002) (rejecting First Amendment, Seventh Amendment, and Fourteenth Amendment challenges to Texas's vexatious litigant statute).

9

*Marlin v. Moody Nat'l Bank, N.A.,* 533 F.3d 374, 377 (5th Cir. 2008) (stating that the abuse-of-discretion standard applies to the imposition of Rule 11 sanctions); *In re Dragoo,* 186 F.3d 614, 616 (5th Cir. 1999) ("[T]he district court has broad discretion to impose sanctions that are reasonably tailored to further the objectives of Rule 11." (quoting *Am. Airlines, Inc. v. Allied Pilots Ass'n,* 968 F.2d 523, 533 (5th Cir. 1992))). But "a trial court should not impose Rule 11 sanctions for advocacy of a plausible legal theory, particularly where . . . the law is arguably unclear." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993). "An attorney's conduct is judged under each standard with an objective, not a subjective, standard of reasonableness." *Snow Ingredients, Inc. v. Snowizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016) (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc)). Finally, "[r]easonableness is reviewed according to the 'snapshot' rule, focusing upon the instant the attorney affixes his signature to the document." *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992).

In their motion for sanctions, Nancy and Charles contend that sanctions against Paul are appropriate because Paul "continues to relitigate claims he has already lost several times" and "his claims are legally indefensible." Dkt. 27 at 1–3. They argue that courts have repeatedly rejected challenges to the constitutionality of Texas's vexatious litigant statute. *Id.* at 3–4. Moreover, they note that Paul's counsel was even counsel on one of those cases. *Id.* at 3–5 (citing *Guardianship of L.S.*, 14-15-00494-CV, 2017 WL 1416190, at *5 (Tex. App—Houston [14th Dist.] April 18, 2017, pet. denied)). They contend that Paul filed this lawsuit to harass them. *Id.* at 5. The court has strongly considered granting the motion for sanctions in this case but will not do so at this time. However, Paul and his counsel are now WARNED that filing frivolous or meritless pleadings or raising arguments or claims that have been raised and addressed in prior motions

before this court will result in the imposition of sanctions against them, including, but not limited to, monetary penalties and limitations on their ability to file lawsuits, motions, or pleadings in the Southern District of Texas.

### IV. CONCLUSION

For these reasons, the defendants' motions to dismiss are GRANTED, and this case is dismissed without prejudice.[8] Charles's and Nancy's motion for sanctions is DENIED. The court will issue a final judgment concurrently with this order.

Signed at Houston, Texas on July 20, 2021.

_____
Gray H. Miller
Senior United States District Judge

---

[8] The defendants argue that this court should dismiss Paul's claims with prejudice, but dismissals for lack of subject-matter jurisdiction are without prejudice. *See Yeckel v. The Carl B. & Florence E. King Found. Ret. Pension Plan & Welfare Ben. Program*, No. CIV.A.3:06CV0105-D, 2006 WL 2434313, at *2 (N.D. Tex. Aug. 21, 2006) (noting that, even though the court lacked jurisdiction under *Rooker-Feldman*, "[i]t is well settled . . . that a dismissal for lack of subject matter jurisdiction is *without* prejudice"); *Perry v. Brassell*, No. W-18-CV-00062-ADA, 2018 WL 5733173, at *3 (W.D. Tex. Oct. 18, 2018) ("The Fifth Circuit has made it clear that Rule 12(b)(1) dismissals for lack of standing should generally be without prejudice."). That said, should Paul continue to file various iterations of the same lawsuit, the court will consider issuing a pre-filing injunction, which the court has the power to do sua sponte so long as Paul is provided proper notice and a hearing. *See Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010); *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL NUNU, | § | |
| *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION H-21-128 |
| STATE OF TEXAS, ET AL., | § § § | |
| *Defendants*. | § § | |

## FINAL JUDGMENT

Pursuant to the court's order signed July 20, 2021, the motions to dismiss filed by defendants State of Texas (Dkt. 55); the Honorable Michael B. Newman and the Honorable Jason A. Cox (Dkt. 56); Howard Reiner (Dkt. 57); and Charles Nunu and Nancy Nunu Risk (Dkt. 54) are GRANTED. Therefore, this case is DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on July 20, 2021.

_____
Gray H. Miller
Senior United States District Judge